IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ANN CANTRELL,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>RONNIE JACKSON, Director Fort Peck Tribes Adult Correctional Facility, SCOTT SEIFERT, Special Prosecutor Fort Peck Tribes,<br><br>　　　　Respondents. | CV 16-33-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 13, 2016, Ann Cantrell filed a petition seeking a writ of habeas corpus under 25 U.S.C. § 1301, et. seq., the Indian Civil Rights Act. (Doc. 1.) Cantrell is a tribal prisoner proceeding pro se.

On May 20, 2016, the undersigned ordered Ms. Cantrell to show what steps she had taken to exhaust her claims within the tribal court system. (Doc. 2.) Ms. Cantrell timely responded. (Doc. 3.) This matter is ready for adjudication.

**I.　Background**

The background of this case was previously set forth in this Court's Order to Petitioner to Show Cause. (Doc. 2.) Generally, Ms. Cantrell claims that she was unlawfully forced to proceed pro se to a jury trial and was subsequently sentenced to serve two hundred seventy days in custody. (Doc. 1 at 11.) She also advances

various constitutional violations. *Id*. at 3-13.

In her Response to the Order to Show Cause, Ms. Cantrell outlines steps she has undertaken toward exhaustion. *See generally*, (Doc. 3). It appears that Ms. Cantrell was abandoned by her lay advocate and attempted to pursue relief on her own; it also appears she now may have secured alternate counsel. *Id*. at 1-2. In relation to the pending federal petition, Ms. Cantrell's response to this Court's order succinctly explains the acts she has undertaken in an attempt to exhaust her tribal remedies. These include: filing a request with the Chief Tribal Judge, filing an appeal, phoning in a complaint to the Bureau of Indian Affairs, lodging a grievance with the Tribal Executive Board, sending inmate requests to the Tribal Court Administrator, providing a civil complaint to Captain Summers, and filing grievances within the correctional facility. *Id*. at 3. While these attempts are commendable, it appears that Ms. Cantrell's claims are not fully exhausted. By her own admission Ms. Cantrell acknowledges she has a motion for summary judgment and an appeal pending, both of which have not yet been ruled on by the tribal appellate court. *Id*. at 2.

**II. Analysis**

25 U.S.C. § 1303 authorizes any person "detained" by an order of an Indian Tribe to test the validity of that detention in the federal courts by way of a writ of habeas corpus. As this Court has previously observed, Ms. Cantrell, by virtue of

her incarceration, has met the first prong of the jurisdictional requirement.

A litigant must first exhaust tribal remedies before properly bringing a petition for writ of habeas corpus. *Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 953-4 (9th Cir. 1998). The purpose of the exhaustion requirement is "to promote 'tribal self-government and self-determination' by allowing tribal courts to 'have the first opportunity to evaluate the factual and legal bases for the challenge to [their] jurisdiction.' " *Means v. Northern Cheyenne Tribal Court*, 154 F.3d 941, 949 (1998) (rev'd on other grounds, *United States v. Enas*, 255 F.3d 662 (9th Cir. 2001), citing *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 15-16 (1987). The Ninth Circuit has further explained:

> The Supreme Court's policy of nurturing tribal self-government strongly discourages federal courts from assuming jurisdiction over unexhausted claims. Additionally, "[a] federal court's exercise of jurisdiction over matters relating to reservation affairs can . . . impair the authority of tribal courts." Considerations of comity, along with the desire to avoid procedural nightmares, have prompted the Supreme Court to insist that "the federal court stay[ ] its hand until after the Tribal Court has had a full opportunity . . . to rectify any errors it may have made." The Supreme Court specifically has instructed us to require exhaustion of tribal appellate court remedies in situations like this one because "[t]he federal policy of promoting tribal self-government encompasses the development of the entire tribal court system, including appellate courts."

*Selam*, 134 F. 3d at 953 (internal citations omitted).

Examination of all of Ms. Cantrell's claims should be conducted in the first instance by the tribal court. The policy of self-government supports this

3

determination. The record before the Court, including Ms. Cantrell's response to the Order to Show Cause, indicates that Ms. Cantrell has not yet exhausted her tribal remedies. Thus, it is appropriate for this Court to stay its hand until the tribal court has had a full opportunity to exercise its jurisdiction over Cantrell's claims. *Strate v. A-1 Contractors*, 520 U.S. 438, 449 (1997).

### III. Certificate of Appealability

A certificate of appealability does not appear to be required in this matter. *See generally*, 28 U.S.C. § 2253. To the extent that one is required, it should be denied for the reasons contained herein.

Based on the foregoing, the Court enters the following:

### RECOMMENDATIONS

1. Ms. Cantrell's petition (Doc. 1) should be DISMISSED without prejudice for failure to exhaust tribal remedies.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Cantrell may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[1] As this deadline allows a party to act within 14 days after the Findings and

novo determination by the district judge and/or waive the right to appeal.

<u>Ms. Cantrell must immediately notify the Court of any change in her mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to her.

DATED this 5th day of August, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.